**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4972**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VICENTE BILORA MBENGA,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Richard D. Bennett, District Judge.
(1:09-cr-00548-RDB-6)

Submitted: February 22, 2013        Decided:  March 1, 2013

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Timothy  J.  Sullivan,  BRENNAN,  SULLIVAN  &  McKENNA,  LLP,
Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United
States Attorney, Tamera L. Fine, Justin S. Herring, Assistant
United States Attorneys, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vicente Bilora Mbenga appeals his convictions for conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (2006), bank fraud, in violation of 18 U.S.C. § 1344 (2006), and aggravated identity theft, in violation of 18 U.S.C. § 1028A (2006). Mbenga raises three issues on appeal, claiming (1) that the district court erred in denying his motion to suppress certain statements made shortly before his arrest and items recovered from him shortly after it; (2) that the court erred in failing to instruct the jury that a conviction for conspiracy to commit bank fraud under 18 U.S.C. § 1349 requires proof of an "overt act"; and (3) that the court erred in failing to instruct the jury on the definition of reasonable doubt.

Each of Mbenga's appellate assertions is without merit. We have rejected elsewhere attacks identical to those that Mbenga levels against the jury instructions in his case, and we see no reason not to hew to those determinations here. See United States v. Oriakhi, 57 F.3d 1290, 1300 (4th Cir. 1995) ("It is well settled in this circuit that a district court should not attempt to define the term 'reasonable doubt' in a jury instruction absent a specific request for such a definition from the jury."); United States v. Chinasa, No. 11-4549, 2012 WL 3009967, at *3 (4th Cir. July 24, 2012)

2

(unpublished) (per curiam)) ("[18 U.S.C.] § 1349 does not contain any overt act requirement.").

As for Mbenga's arguments touching the denial of his motion to suppress, they, too, must fail. The district court's legal conclusions underlying a suppression determination are reviewed de novo, while its factual findings are reviewed for clear error. United States v. Guijon-Ortiz, 660 F.3d 757, 762 (4th Cir. 2011). Because the district court denied the motion to suppress, the evidence is construed on appeal in the light most favorable to the government. United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004).

Our review of the record convinces us that, to the extent that the officers' interaction with Mbenga needed to be supported by reasonable suspicion, it was. See United States v. Jones, 678 F.3d 293, 299 (4th Cir. 2012); United States v. Ortiz, 669 F.3d 439, 444 (4th Cir. 2012) (noting standard); see also United States v. Weaver, 282 F.3d 302, 310 (4th Cir. 2002) (refusing to adopt a brightline rule that an individual is seized when an officer retains his driver's license in order to perform a check for outstanding warrants). We also conclude that Mbenga's arrest was supported by probable cause, particularly given that his coconspirator informed the arresting officers that Mbenga was the source of the fraudulent check that the coconspirator had been caught trying to

3

cash.  See Illinois v. Gates, 462 U.S. 213, 238 (1983) (defining probable cause as "a fair probability" of criminal conduct); United States v. Abramski, ____ F.3d ____, 2013 WL 238922, at *8 (4th Cir. Jan. 23, 2013) (No. 11-4992) (same).

Finally, even if we accepted Mbenga's argument that his statement should have been excluded from evidence because he made it while "in custody" for purposes of Miranda v. Arizona, 384 U.S. 436 (1966), our review of the record convinces us that any erroneous failure to suppress the statement would amount to no more than harmless error.  United States v. Hargrove, 625 F.3d 170, 178 (4th Cir. 2010) (internal quotation marks omitted); see also United States v. Watson, ____ F.3d ____, 2013 WL 14548, at *11 (4th Cir. Jan. 2, 2013) (No. 11-4371) (describing harmless constitutional error).[*]

Accordingly, we affirm the judgment of the district court.  We deny Mbenga's pending motion requesting leave to file a pro se supplemental brief.  See United States v. Gillis, 773 F.2d 549, 560 (4th Cir. 1985) (explaining that there is no constitutional right to proceed pro se on appeal).  We dispense with oral argument because the facts and legal contentions are

---

[*] Given our view of the merits of Mbenga's suppression motion, we see no need to take up the Government's assertions regarding Mbenga's failure to file a pretrial motion to suppress.

4

adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED